## Chicago Coliseum Club v. Dempsey.

*Commissions and depositions—Preliminary determination of jurisdiction—Act of March 5, 1925.*

1. Under the Act of March 5, 1925, P. L. 23, which provides, "That wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require," the testimony of non-resident witnesses is to be taken by commission, as distinguished from oral examination by depositions, unless it clearly appears that the testimony sought for cannot be fully and satisfactorily elicited by oral interrogatories.

2. The word "deposition" is used in the act in its accepted technical meaning, under which it signifies the testimony of a witness reduced to writing in due form of law by virtue of a commission or other authority of a competent tribunal, or according to the provisions of some statute law, to be used on the trial.

Motion to discharge rule for commission. C. P. No. 1, Phila. Co., Sept. T., 1926, No. 1902.

*Ralph B. Evans*, for plaintiff; *Albert L. Moise*, for defendant.

TAULANE, J., Dec. 9, 1926.—The defendant has filed a petition under the Act of March 5, 1925, P. L. 23, to set aside the service of the writ. To establish the facts, or some of them, alleged in the petition the defendant has filed interrogatories and entered a rule for a commission to take the deposition of witnesses in California.

The plaintiff moves to discharge the rule for the commission on the ground that the Act of May 5, 1925, requires the testimony of witnesses to be taken orally by deposition and not by commission on written interrogatories. The act provides that the question of jurisdiction "shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require."

We have no doubt the testimony of witnesses residing in California may be taken in the usual way by commission. The plaintiff, in its motion, assigns no reason why the testimony cannot be satisfactorily taken by a commission, but stands on the strict language of the Act.

Colloquially, but not technically, we sometimes draw a distinction between a deposition and a commission, restricting a deposition to the oral examination of a witness without written interrogatories and reducing his testimony to writing in contra-distinction to a commission where the questions are propounded by written interrogatories. There is no justification for this distinction; the word "deposition" is used in the act in its accepted technical meaning.

In Indianapolis Water Co. *v.* American Straw-Board Co., 65 Fed. Repr. 534, 535, Judge Baker says: "Primarily, a deposition is simply written testimony. It is testimony that is deposited or laid down in writing. There are only two modes of producting the testimony of a witness before a court upon the trial or hearing of a cause. It may be produced by reading his deposition, or it may be produced orally."

"Now, a deposition is," says the court In re Harrison Bros., 197 Fed. Repr. 320, 322, "testimony taken out of court under authority which will enable it to be read as evidence in court, and has no relation to oral testimony taken in court or before a master."

The definition of a deposition will be found in 1 Bouvier's Law Dictionary, 848, as follows: "The testimony of a witness reduced to writing, in due form of law, by virtue of a commission or other authority of a competent tribunal.

or according to the provisions of some statute law, to be used on the trial of some question of fact in a court of justice."

It is manifest that the framer of the Act of 1925 intended that any needed testimony should not be taken in open court, but by deposition. Testimony by deposition is used in contra-distinction to testimony taken in open court before the judge or chancellor. As the word "deposition" is not defined in the act, we must give it its accepted technical meaning.

Notwithstanding the forcible criticism of Gibson, J., in Gordon *v.* Little, 7 Sergeant & Rawle, 533, 555, of the practice of taking testimony by commission, and the recent Acts of June 25, 1895, P. L. 279, and June 8, 1911, P. L. 709, our courts have steadily held to the position that the taking of the deposition of witnesses outside the State by commission should not be departed from except where it clearly appears that the testimony sought for cannot be fully and satisfactorily inquired about by written interrogatories. As the plaintiff has given us no reason why the testimony sought by the defendant cannot be satisfactorily taken by a commission, we are obliged to dismiss the plaintiff's rule.

And now, to wit, Dec. 9, 1926, the plaintiff's motion to dismiss the defendant's rule for a commission to California is overruled.